UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DANIEL HICKS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-cv-02480-TLN-KJN<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff Stephen D. Hicks seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1]  Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment. (ECF Nos. 15, 18.)  Subsequently, plaintiff filed a reply brief.  (ECF No. 19.)  For the reasons discussed below, the undersigned recommends that plaintiff's motion for summary judgment be GRANTED IN PART, the Commissioner's cross-motion for summary judgment be DENIED, the final decision of the Commissioner be REVERSED, and the case be REMANDED for further administrative proceedings consistent with this order.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15).

1

I.      BACKGROUND

Plaintiff was born on May 8, 1972; has a high school education; can communicate in English; and previously worked as a chauffeur, outside deliverer, shipping and receiving clerk, and hand packager.[2] (Administrative Transcript ("AT") 25, 43, 71-73.) On April 4, 2014, plaintiff applied for DIB, alleging that his disability began on April 15, 2011. (AT 95, 187-91.) Plaintiff claimed that he was disabled due to lower back pain with L4-5 and L5-S1 fusion, depression, hyperhydrosis, hyperreflexia, and muscle spasms. (AT 96.) Thereafter, an ALJ conducted a hearing on June 8, 2016. (AT 37-78.) The ALJ subsequently issued a decision dated August 11, 2016, determining that plaintiff had not been under a disability as defined in the Act, from April 15, 2011, the alleged onset date, through December 31, 2015, the date last insured. (AT 26.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on September 27, 2017. (AT 1-3.) Plaintiff filed this action on November 27, 2017, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.     ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ improperly weighed the medical opinion evidence; (2) whether the ALJ failed to make a proper step three determination; (3) whether the ALJ made proper credibility determinations; (4) whether the ALJ's residual functionary capacity ("RFC") determination was without substantial evidentiary support; (5) whether the ALJ made a proper step five determination; and (6) whether this case should be remanded for an award of benefits.[3]

III.    LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Plaintiff's opening brief raises the issues in a somewhat different order.

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[4] Preliminarily, the ALJ determined that plaintiff last met the

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

insured status requirements of the Act on December 31, 2015.  (AT 19.)  At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured.  (Id.)  At step two, the ALJ found that plaintiff had the following severe impairments:  degenerative disc disease of the lumbar, thoracic, and cervical spine, status post lumbar surgery; chronic pain syndrome; depression; and anxiety.  (Id.)  However, at step three the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AT 20.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC, finding that plaintiff could perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that plaintiff:

> can lift and/or carry ten pounds both occasionally and frequently, can sit for eight hours in an eight-hour day with a sit/stand option, can stand and/or walk for two hours in an eight-hour day with normal breaks and no prolonged walking or standing, cannot climb ladders, ropes or scaffolds, can occasionally balance, crouch, crawl, stoop and/or kneel, can understand, remember and carry out simple job instructions, can interact with supervisors, coworkers and the public and can make simple work place changes.

(AT 21.)  At step four, the ALJ determined that plaintiff is unable to perform any past relevant work.  (AT 25.)  However, at step five, the ALJ found that, in light of plaintiff's age, education, work experience, RFC, and the vocational expert's ("VE") testimony, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed.  (Id.)  Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from April 15, 2011, the alleged onset date, through December 31, 2015, the date last insured."  (AT 26.)

/////

/////

/////

---

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

B. Plaintiff's Substantive Challenges to the Commissioner's Determinations

    1. *Whether the ALJ improperly weighed the medical opinion evidence*

Primarily, plaintiff challenges how the ALJ weighed the evidence in this matter. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) there are contradictory opinions in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830–31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[5] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

---

[5] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

Here, plaintiff argues that the ALJ improperly discounted various opinions by treating and examining medical providers. (ECF No. 15 at 22-31.) Because these opinions were contradicted by other medical opinions in the record (see, e.g., AT 89-92, 104-07), the ALJ was required to provide specific and legitimate reasons to discount each opinion.

On November 25, 2014, agreed medical examiner Donald L. Ansel, M.D. performed a neurological evaluation in connection with plaintiff's worker's compensation claim, which arose out of a 2011 workplace injury. (AT 761-89.) In relevant part, Dr. Ansel opined that plaintiff "could return to his usual and customary occupation if his back pain were under control which would enable him to sleep satisfactorily." (AT 768.) The ALJ gave this opinion "little weight because [Dr. Ansel] did not have the opportunity to review subsequent medical records, which revealed additional limitations." (AT 23 (internal citations omitted).) However, the ALJ completely ignored Dr. Ansel's subsequent opinion.

On April 28, 2015, Dr. Ansel performed a reevaluation of plaintiff. (AT 791-800.) Dr. Ansel provided a lengthy discussion and analysis of plaintiff's condition. Toward the end of his report, Dr. Ansel opined that

> The patient has been temporarily disabled up until the time that he was made permanent [and] stationary by Dr. Renbaum because the major reason for his permanent and stationary status and his temporary disability is related to the back pain and not to his sleep disorder or to his erectile dysfunction.
>
> Given the patient[']s current appearance, I would have to conclude that more likely than not the patient will be regarded as being totally disabled in the open labor market unless some beneficial result is forthcoming from a future operation to remove hardware such [as] has been considered apparently by Dr. Sanden.

(AT 797-98.)

On the one hand, the Commissioner accurately points out that findings of disability in the context of a worker's compensation claim are not binding on the Social Security Administration when determining a claimant's eligibility for Social Security benefits, as the two programs are governed by different rules. See 20 C.F.R. § 404.1504; Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996.) However, just because such a finding is not binding, the ALJ may not simply ignore it when it is substantial and probative. Dr. Ansel's 2015 opinion was not a conclusory and

unsupported opinion. It was part of a lengthy report that considered plaintiff's medical history, subjective complaints, and Dr. Ansel's objective findings. As such, the ALJ committed reversible error by failing to provide this opinion any degree of review. See Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012).

Moreover, "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947). Thus, even assuming that the ALJ could have discounted Dr. Ansel's 2015 opinion because it was provided in the context of a worker's compensation evaluation, the ALJ's failure to address the opinion is not harmless error because the ALJ did not invoke *any* grounds to discount it.

Consequently, the undersigned recommends that the action be remanded for further consideration of all the medical opinion evidence, including Dr. Ansel's April 28, 2015 opinion.[6]

2. *Plaintiff's remaining challenges*

Plaintiff further asserts that the ALJ erred at step three (ECF No. 15 at 19-22); that the ALJ made improper credibility determinations (id. at 31-39); that the ALJ's RFC determination was without substantial evidentiary support (id. at 39-43); and that the ALJ erred at step five (id. at 44-46). However, because the ALJ erred when weighing the medical evidence, each of his conclusions in these areas is subject to reevaluation on remand. As such, the undersigned declines to reach these issues at this juncture.

Finally, plaintiff argues that this case should be remanded for an award of benefits. (Id. at 46-52.) However, the Ninth Circuit has clearly held that courts "should remand for an award of benefits only in rare circumstances . . . where no useful purpose would be served by further

---

[6] In addition to the reversible error, the ALJ clearly mischaracterized the medical evidence in at least one other noteworthy instance. When discounting the opinion of Luigi Piciucco, Ph.D., the ALJ claimed that plaintiff had "not sought any psychological treatment other than three visits in 2015 and one in 2016." (AT 22-23.) This is demonstrably inaccurate, as the record includes at least eleven individual therapy sessions that plaintiff attended with Dr. Piciucco during this period. (See AT 971-988.) On remand, the ALJ should weigh the evidence based on an accurate accounting of the record.

7

administrative proceedings and the record has been thoroughly developed." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations and quotation marks omitted.) Because the ALJ failed to make all the necessary findings of fact in the first instance, this matter does not warrant a remand for an award of benefits.

Importantly, the ALJ is not limited to simply considering the 2015 opinion of Dr. Ansel, on remand. Rather, the ALJ is free to develop the record in any other respects deemed appropriate, such as obtaining additional medical or vocational expert testimony. The court does not instruct the ALJ to credit any particular opinion or evidence on remand. Indeed, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, at any particular step on remand, provided that the ALJ's decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) be GRANTED IN PART.
2. The Commissioner's cross-motion for summary judgment (ECF No. 18) be DENIED.
3. The final decision of the Commissioner be REVERSED, and the case be REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk of Court be ordered to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

8

waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: December 3, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE