UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. HICKS, | No. 2:17-cv-02480-TLN-KJN |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

    Plaintiff Stephen D. Hicks commenced this social security action on November 27, 2017. (ECF No. 1.) On February 6, 2019, the court granted plaintiff's motion for summary judgment in part; denied the Commissioner's cross-motion for summary judgment; remanded the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and entered judgment for plaintiff. (ECF Nos. 21, 22.)

    On April 9, 2019, plaintiff field a motion for attorney's fees and costs and expenses pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 29.)[1] The Commissioner filed an opposition, and plaintiff replied. (ECF Nos. 33, 35.) After carefully considering the parties' briefing, the court's record, and the applicable law, the undersigned recommends that plaintiff's

---

[1] This matter proceeds before the undersigned pursuant to Local Rule 302(c)(15).

1

motion for EAJA fees be GRANTED IN PART for the following reasons.

"The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds 'that the position of the United States was substantially justified or that special circumstances make an award unjust.'" Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (citing 28 U.S.C. § 2412(d)(1)(A)).

Here, plaintiff seeks attorney's fees for 83.7 hours—74.1 hours spent in prosecution of the action, and 9.6 hours spent on the opposed application for EAJA fees—at $200.78 an hour, for a total of $16,805.27. (ECF Nos. 29, 31, 35.) The Commissioner does not dispute that plaintiff is entitled to fees as the prevailing party. Rather, the Commissioner argues that an across-the-board reduction in fees is warranted because plaintiff's request is unreasonable. (See ECF No. 33.)

Reasonable Attorney's Fees

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

*Reasonable Hourly Rate*

The parties agree that the hourly rate should be the 2018 EAJA statutory maximum, as published on the Ninth Circuit's website. However, each party misstates the EAJA rate and ignores that 3.4 of the hours billed occurred in 2017. (See ECF Nos. 29, 31-2, 33.). The EAJA statutory maximum hourly rate is $196.79 for work performed in 2017 and $201.60 for work performed in 2018 and 2019. See 28 U.S.C. § 2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6.

The 2017 hourly rate of $196.79 is applied to time expended in 2017. Because plaintiff's requested hourly rate of $200.78 is below the 2018 and 2019 statutory maximum, the requested rate is applied to time expended in 2018 and 2019.

////

2

*Hours Expended*

The Commissioner asserts that plaintiff's attorney Barbara M. Rizzo engaged in impermissible block billing, and spent an unreasonable amount of time on a routine social security case. (ECF No. 33 at 3-4.) As a result, the Commissioner seeks a nearly 60% across-the-board reduction in plaintiff's requested fees. (Id. at 4.) These arguments are unsupported and unavailing.

**Block Billing**

"'Block billing' is 'the time-keeping method by which [a] lawyer . . . enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citing Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n. 15 (10th Cir.1996)). Where counsel block bills her time in a way that frustrates the court's "efforts to determine whether the fees were, in fact, reasonable. . . such billing practices are legitimate grounds for reducing or eliminating certain claimed hours." Mendez v. Cty. of San Bernardino, 540 F.3d 1109, 1128-29 (9th Cir. 2008), overruled on other grounds by Arizona v. ASARCO LLC, 773 F.3d 1050 (9th Cir. 2014).

Here, there is no difficulty in determining the amount of time that Ms. Rizzo spent on various legal tasks. While several of her billing entries are terse—e.g., "Drafted MSJ," "Finalized MSJ," "Drafted Reply" (ECF No. 31-2 at 4)—Ms. Rizzo clearly delineated how she spent her time and did not enter a "total daily time spent working on [the] case, rather than itemizing the time expended on specific tasks." Welch, 480 F.3d at 945 n.2.

As the Supreme Court stated, plaintiff's counsel "is not required to record in great detail how each minute of his time was expended." Hensley, 461 U.S. at 437 n.12. "Instead, plaintiff's counsel can meet his burden—although just barely—by simply listing his hours and 'identify[ing] the general subject matter of his time expenditures.'" Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000).

After reviewing Ms. Rizzo's billing entries (ECF Nos. 31-2, 35-1), the court finds that she adequately documented her time expended and did not engage in impermissible block billing.

////

3

**Routine Case and Experience of Counsel**

The Commissioner asserts that Ms. Rizzo, who has significant experience with social security cases, failed to justify the hours she spent on the 52-page motion for summary judgment, which was allegedly excessive, redundant, and unnecessary for this routine case. (ECF No. 33 at 3.) This argument is unsupported and puzzling in light of the Commissioner's reliance on Patterson v. Apfel, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000). (See ECF No. 33 at 4.)

In Patterson, the Commissioner similarly argued that the time spent by plaintiff's counsel was excessive and "unreasonable because plaintiff's counsel is experienced in social security matters and represented plaintiff at the administrative level, and therefore was 'well-versed' in the law and the facts of th[e] case." (Id.) The court, however, granted plaintiff's fee request without any reduction in hours and concluded that

> the expertise of plaintiff's counsel does not make the hours expended unreasonable. Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail. The memoranda of points and authorities filed by plaintiff's counsel were detailed and thorough.

Patterson, 99 F. Supp. 2d at 1213.

The same reasoning undermines the Commissioner's assertion that Ms. Rizzo's experience justifies a reduction in fees in this fact-intensive social security action. Ms. Rizzo submitted a detailed and thorough motion for summary judgment that carried the day. The Commissioner fails to demonstrate how the motion was excessive, redundant, and unnecessary.

Indeed, while the court remanded this matter on the basis of only one of plaintiff's arguments, the court declined to reach the merits of plaintiff's remaining arguments because those issues are subject to reevaluation on remand. (See ECF No. 20 at 7.) None of the arguments can be fairly characterized as excessive, redundant, or unnecessary, as Ms. Rizzo had no way of knowing how the court would decide this matter. What is more, the Ninth Circuit has explained that

> lawyers are not likely to spend unnecessary time on contingency fee cases [such as this one] in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. . . .

> By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

Fundamentally, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992). Defendant's arguments are conclusory and do not meet this burden.

The Commissioner does not even explain how this case is routine. In any event, "the term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1134 n.1 (9th Cir. 2012).

Without something more than its conclusory opinions regarding the difficulty of this case and Ms. Rizzo's level of expertise, the Commissioner fails to demonstrate how plaintiff's fee request is unreasonable. As such, no across-the-board reduction in fees is warranted. See Moreno, 534 F.3d at 1116 ("If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut").

Nonetheless, after independently reviewing the individual entries on the timesheets submitted by plaintiff's counsel (ECF Nos. 31-2, 35-1), the court deducts the following time spent on purely clerical or secretarial tasks (such as receiving and reviewing routine notices and filings, and preparing documents for mailing): (a) 0.20 hours on December 6, 2017; (b) 0.10 hours on July 17, 2017; and (c) 0.10 hours on March 13, 2018.

The court finds the remaining time spent by plaintiff's counsel—3.1 hours in 2017, and 80.2 hours in 2018 and 2019—to be reasonable and thus overrules the Commissioner's objections to the extent that they are not addressed by the above modifications.

////

1                     *Results Obtained*

Finally, in light of the fact that plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the court concludes that the requested amount of fees is consistent with the result obtained. See Hensley, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee").

                 Costs and Expenses

Plaintiff also seeks $632.12 in costs and expenses (ECF Nos. 29, 35) for the filing fee, photocopying, postage, and electronic legal research. (ECF Nos. 31-3, 35-1.) The Commissioner does not object to these costs and expenses. Additionally, courts have determined that these types of costs and expenses may be awarded under the EAJA. See, e.g., Int'l Woodworkers of Am. v. Donovan, 792 F.2d 762, 767 (9th Cir.1986) (postage); Lara v. Lozano v. Astrue, No. 06-15935, 2008 WL 5875573, at *2 (9th Cir. Sept. 4, 2008) (filing fee, reproduction, and postage); Fang v. Gonzales, No. 03-71352, 2006 WL 5669901, at *4 (9th Cir. Oct. 30, 2006) (photocopying and postage); Berryhill, No. 2:17-CV-02208-AC, 2019 WL 1380148, at *3 (E.D. Cal. Mar. 27, 2019) (electronic legal research); Nielsen v. Colvin, No. 3:11-CV-03379 LB, 2015 WL 2174222, at *6 (N.D. Cal. May 8, 2015) (electronic legal research).

Therefore, the court recommends that plaintiff be awarded EAJA attorney's fees in the amount of $16,712.61[2] plus costs and expenses in the amount of $632.12 for a total of $17,344.73.

The court notes that plaintiff has executed an assignment of EAJA fees to plaintiff's counsel. (ECF No. 31-1.) However, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, 560 U.S. 586 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

////

////

---

[2] 3.1 hours at the 2017 EAJA rate of $196.79 equals $610.05. 80.2 hours at plaintiff's requested rate of $200.78 equals $16,102.56. The hours combined equal $16,712.61.

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for attorney's fees and costs and expenses under the EAJA (ECF No. 29) be GRANTED IN PART.

2. Plaintiff be awarded attorney's fees and costs and expenses in the total amount of $17,344.73 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment be permitted in the name of plaintiff's attorney.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: June 20, 2019

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hicks.2480.f&r EAJA fees